UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STEPHEN GLENN VILLARD,**

        **Plaintiff,**

**v.**                                                  **Case No:   6:17-cv-1429-Orl-41GJK**

**CAPELLA UNIVERSITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **DEFENDANT CAPELLA UNIVERSITY'S MOTION TO DISMISS (Doc. No. 10)** |
| **FILED:** | **September 7, 2017** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I.  FACTUAL BACKGROUND**

On August 3, 2017, Defendant removed Plaintiff's complaint (the "Complaint") from Florida state court under this Court's diversity jurisdiction.[1] Doc. No. 1. Plaintiff is proceeding *pro se*, and the following is taken from the Complaint. In March 2010, Plaintiff entered into a contract with Defendant wherein Defendant would provide educational services to Plaintiff for an agreed price. Doc. No. 2 at 2. Plaintiff attended Defendant's courses, and Defendant received tuition funds from Plaintiff's student loan lender. *Id.* Plaintiff received a failing grade in the final

---

[1] Defendant's notice of removal states that Plaintiff is a Florida citizen, and Defendant is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota. Doc. No. 1 at 3. The notice of removal also states that Plaintiff testified under oath that the alleged value of his claim is $85,000. *Id.* at 2.

course of Defendant's education program. *Id.* at 3. Since Plaintiff's receipt of a failing grade, Defendant has refused to allow Plaintiff to register, participate, or complete the final course. *Id*. Because of Defendant's actions, Plaintiff is unable to complete the educational program. *Id.* The Complaint alleges damages of $1, but also requests that the Court: 1) order Defendant to repay Plaintiff's tuition funds; 2) direct Defendant to allow Plaintiff to complete the educational program; and 3) monitor Plaintiff's progress in the educational program to ensure that Defendant will not interfere with Plaintiff's completion of the same. *Id.* at 3-4.

On September 7, 2017, Defendant filed a motion to dismiss (the "Motion to Dismiss") arguing that: 1) Plaintiff has failed to state a claim for breach of contract; and 2) Plaintiff's request for judicial review of issues within a private university's academic discretion is a claim alleging educational malpractice, which is prohibited. Doc. No. 10 at 2. On September 25, 2017, Plaintiff filed a motion requesting a sixty-day extension of time to respond to the Motion to Dismiss. Doc. No. 11-1 at 4-5. Plaintiff argued that the requested extension was necessary to seek legal counsel. *Id.* at 4. On October 31, 2017, the undersigned, noting that Plaintiff had over a month to obtain counsel and respond to the Motion to Dismiss, found no good cause for the requested sixty-day extension. Doc. No. 17 at 6. Nevertheless, the undersigned, in an abundance of caution, provided Plaintiff fourteen days to respond to the Motion to Dismiss. *Id.* at 2-3. Plaintiff never filed a response to the Motion to Dismiss, and thus, it is unopposed.

## II.   APPLICABLE LAW

"When considering a motion to dismiss for failure to state a claim, a court must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. F.D.I.C.*, 208 F.3d 959, 962 (11th Cir. 2000) (citing *Kirby v. Siegelman*, 195 F.3d 1285, 1289 (11th Cir. 1999)). Thus, dismissal is warranted when "no construction of the factual

allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F. 3d 1304, 1308 (11th Cir. 2006) (citations omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Specifically, the factual allegations, accepted as true, must "state a claim to relief that is plausible on its face." *Id*. (quoting *Twombly*, 550 U.S. at 570). This cannot be achieved through mere legal conclusions or recitation of the elements of a claim. *Id*. (citing *Twombly*, 550 U.S. at 555). Instead, to state a plausible claim for relief, the plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). If the plaintiff fails to meet this pleading standard, then the complaint will be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6).

### III.  ANALYSIS

#### A.  Breach of Contract

Under Florida law, "[t]here is an implied contract between a student and a private university that if the student fully complies with the rules and regulations of the institution, then the university will confer to him a degree." *McCawley v. Universidad Carlos Albizu, Inc.*, 461 F.Supp.2d 1251, 1257 (S.D. Fla. 2006) (citations omitted). The terms of this relationship are generally set forth in university catalogs, student manuals, student handbooks, and other university policies and procedures. *Id. See also Ali v. Stetson Univ., Inc.*, 340 F.Supp.2d 1320, 1328 (M.D. Fla. 2004) (quoting *Univ. of Miami v. Militana*, 184 So.2d 701, 704 (Fla. 3d DCA 1966) ("it is

generally accepted that the terms and conditions for graduation are those offered by the publications of the college at the time of enrollment")).[2]

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms. *Id.* (citations omitted). Because the terms of a student's implied contract with the university are set forth in the university's catalogs, student manuals, student catalogs, and other policies and procedures, federal courts have dismissed breach of contract claims against a university when the plaintiff fails to specify the particular rule or procedure that the university allegedly violated. *See Routh v. Univ. of Rochester*, 981 F.Supp.2d 184, 208 (W.D.N.Y. 2013); *Faiaz v. Colgate Univ.*, 64 F.Supp.3d 336, 358 (N.D.N.Y. 2014) ("Plaintiff must identify the specific terms of the implied contract that he claims were violated by the university . . . . The failure to do so will result in dismissal of the contract claim").

Plaintiff makes the following allegations regarding the parties' contract:

> Plaintiff and Defendant entered into a contract wherein [Defendant] would provide educational materials, personnel, facilities, testing and ranking, administrative services that included financial matters, counseling and direction and other related services and sources related to the education industry. In response, Plaintiff would participate in the educational program on a regular schedule as designed by [Defendant]. [Plaintiff] also maintained, in the "eyes of [Defendant]" an above satisfactory level [of] improvement and testing. Upon completion of the educational process, [Defendant] would confer unto [Plaintiff], a [university degree].

---

[2] In *Ali*, the Court recognized the implied contractual relationship between a student and a private university. *Ali*, 340 F.Supp.2d at 1328. The Court, however, also noted that "[c]ourts in the various states differ on the degree to which a university or one of its students may depart from the provisions of a handbook before breaching a contract or, more generally, on how rigidly contract principles ought to apply to the student-university relationship." *Id.*

Doc. No. 2 at 1. As noted above, a plaintiff must plead a sufficient specification of the essential terms of the parties' contract, which, under Florida law, are set forth in the university catalogs, student manuals, student handbooks, or other university policies and procedures. *McCawley*, 461 F.Supp.2d at 1257. Here, the Complaint makes no reference to any of the aforementioned documents. Doc. No. 1. Thus, Plaintiff has failed to sufficiently allege the contract's essential terms.[3] *See Routh*, 981 F.Supp.2d at 208; *Faiaz*, 64 F.Supp.3d at 358. Considering the foregoing, it is recommended that the Court dismiss the Complaint.

### B. Educational Malpractice

Defendant also argues that the Complaint should be dismissed because Plaintiff's claim is truly a claim alleging educational malpractice. Doc. No. 10 at 10-15. Florida law prohibits claims of "educational malpractice, that is, failure to use reasonable care to provide an adequate education." *C.P. v. Leon Cnty. Sch. Bd.*, No. 4:03 CV 65 RH/WCS, 2005 WL 2133699, at * 5 (N.D. Fla. Aug. 27, 2005) (citing authority). Defendant's argument, however, mischaracterizes Plaintiff's allegations. Plaintiff does not allege that Defendant failed to use reasonable care to provide an adequate education. Doc. No. 2 at 1-3. Instead, the central allegations in the Complaint are: 1) Plaintiff entered into a contract with Defendant for educational services; 2) Defendant breached the contract by refusing to allow Plaintiff to register for a class; and 3) because of Defendant's actions, Plaintiff is unable to complete the educational program. *Id.* Thus, read

---

[3] Because Plaintiff has failed to sufficiently specify of the essential terms of the parties' contract, the undersigned also finds that Plaintiff has failed to allege a material breach of the contract and damages resulting from that material breach. *See Focus Mgmt. Grp. USA, Inc. v. King*, 171 F.Supp.3d 1291, 1297 (M.D. Fla. 2016) (citations omitted) (noting that to demonstrate a material breach, the plaintiff must show that the defendant "failed to perform a duty that goes to the essence of the contract and is of such significance that it relieves the injured party from further performance of its contractual duties").

liberally, the Complaint contains a single cause of action for breach of contract.[4] *Id.* Accordingly, it is recommended that the Court reject Defendant's second argument.[5]

### C. Leave to Amend

A *pro se* plaintiff must ordinarily be given one chance to amend if the Court dismisses their complaint. *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003). However, a District Court need not allow an amendment where such amendment would be futile. *Hall v. United Ins. Co. of America,* 367 F.3d 1255, 1262-63 (11th Cir. 2004) (citations omitted). The Eleventh Circuit "has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal." *Id.* at 1263 (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999)). The undersigned does not find amendment to be futile because Plaintiff may allege that Defendant breached the parties' contract by violating: 1) a provision found in a university catalog, student manual, or student handbook; or 2) some other university policy or procedure. *McCawley*, 461 F.Supp.2d at 1257. Accordingly, it is recommended that the Court provide Plaintiff twenty-one days to file an amended complaint.

## IV. CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that the Court:

1) **GRANT** the Motion to Dismiss (Doc. No. 10); and

2) **DISMISS** the Complaint (Doc. No. 1) without prejudice; and

3) **DIRECT** Plaintiff to file an amended complaint no later than twenty-one (21) days after the date the Court enters an order on this report and recommendation.

---

[4] A *pro se* complaint must be read liberally and be held to less rigorous standards than formal pleading drafted by attorneys. *Procup v. Strickland*, 760 F.2d 1107, 1115 n. 11 (11th Cir. 1985).

[5] Defendant correctly states that courts "are generally reluctant to interfere with or substitute their judgment regarding decisions of academic institutions to award degrees. Such decisions are afforded great deference and are generally not disturbed . . ." *McCawley*, 461 F.Supp.2d at 1257. The Court, however, may overturn a university's actions under a breach of contract theory if the university's actions are found to be arbitrary and capricious. *Id.* at 1257-58.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 21, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy